UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | No.  08 C 3226 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge:  Coar |
| | ) | |
| | ) | |
| PIERRE COLE, | ) | Formerly case No. 04 CR 30563, |
| Defendant. | ) | Circuit Court of Cook  County, Illinois. |
| | ) | |
| In the matter of an Order to Produce | ) | |
| Documents directed to the United States | ) | |
| Department of the Army Staff Judge | ) | |
| Advocate, Ft. Riley, Kansas. | ) | |

**UNITED STATES' MOTION TO VACATE AND DISMISS**

The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to vacate and dismiss the order of the Circuit Court of Cook County compelling the Department of the Army to produce documents, and in support thereof states the following:

1.      At the request of an attorney for Pierre Cole, the defendant in the state court criminal case of *People v. Cole*, No. 04 CR 30563, the Circuit Court of Cook County entered an order on May 6, 2008, directing the United States Department of the Army Staff Judge Advocate, Ft. Riley, Kansas to produce specified documents to Cole's attorney.

2.      The United States removed the matter regarding the order to this court on June 4, 2008, pursuant to 28 U.S.C. § 1442(a)(1), which provides for the removal of actions against officers of the United States for actions under color of office.

3. The production of information from the Department of the Army in the course of a proceeding in which the United States is not a party is governed by 32 C.F.R. 97.1 *et seq.* and 32 C.F.R. 516.41 *et seq.*, which set forth specific requirements to be met before a witness can respond. A party seeking disclosure of information from the Department of the Army must comply with the requirements set forth in the cited regulations. Because of sovereign immunity, state courts may not compel compliance with subpoenas on federal officials. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Edwards v. Department of Justice*, 43 F.3d 312 (7th Cir. 1994). In this case, there was no administrative decision under the applicable regulations, because Cole did not comply with the regulatory procedure and the only process which he served on the Department of the Army was the state court order.

4. Absent a waiver of sovereign immunity, a state court has no jurisdiction to enforce a subpoena to federal officials or to order federal officials to produce documents, because the federal officials are immune from state court process unless Congress consents to the jurisdiction of that court. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") A party seeking to invoke state court jurisdiction over the United States has the burden of pointing to a Congressional act that gives such consent. *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981).

5. There is no applicable sovereign immunity waiver here. *Edwards v. Department of Justice*, 43 F.3d 312 (7th Cir. 1994) (because of sovereign immunity, state courts may not compel compliance with subpoenas by federal officials); *Dunne v. Hunt*, 2006 WL 1371445, *4 (N.D. Ill., May 16, 2006) ("because the United States and its agencies are immune from state court process

unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official"). Judicial review of a decision not to authorize disclosure is available only in federal courts. *Edwards*, 43 F.3d at 315 (holding that the Administrative Procedure Act provides for such review, at least as to executive branch agencies).

6.  The order requiring the Army Staff Judge Advocate to produce documents should be vacated because the state court had no jurisdiction (for sovereign immunity reasons), and under the derivative jurisdiction doctrine, this court acquired only the state court's jurisdiction on removal, which is none. The jurisdiction of the federal court upon removal pursuant to 28 U.S.C. § 1442 is derivative of that of the state court. *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *Edwards*, 43 F.3d at 316; *Dunne v. Hunt, supra* at *4. Thus, even though the matter is now removed to federal court, this court has no jurisdiction to order production of the documents because the state court had no jurisdiction.

WHEREFORE, the state court order should be vacated and dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
JONATHAN C. HAILE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2055
jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

  The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' MOTION TO VACATE AND DISMISS**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on June 25, 2008, to the following non-ECF filers:

  Nancy A. Donahoe
  Assistant State's Attorney
  2650 S. California
  Room 12C28
  Chicago, IL 60608

            By: s/ Jonathan C. Haile
              JONATHAN C. HAILE
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 886-2055
              jonathan.haile@usdoj.gov