UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  08 C 3226 |
| PIERRE COLE, | ) | Judge Coar |
| Defendant. | ) | |
| | ) | Formerly case No. 04 CR 30563, |
| In the matter of an Order to Produce Documents directed to the United States Department of the Army Staff Judge Advocate, Ft. Riley, Kansas | ) | Circuit Court of Cook  County, Illinois |

**UNITED STATES' MEMORANDUM ON JURISDICTION**

This memorandum is filed pursuant to this court's order of July 7, 2008, directing the United States to file a memorandum addressing the court's jurisdiction.  This action was properly removed to this court pursuant to 28 U.S.C. § 1442(a)(1), which provides a right to removal of actions against officers of the United States for actions under color of office.  The right to remove such an action is "absolute for conduct performed under color of federal office," *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981), and the Supreme Court has "insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402 (1969)).

As this court noted at the July 7 hearing, neither the United States nor the Department of the Army Staff Judge Advocate was a party to the state court proceeding.  The Staff Judge Advocate, however, an officer of the United States, was a party to the court's order directing him to produce specified documents.  As we set forth in our Notice of Removal, the Staff Judge Advocate is

prohibited by law from complying with the state court order. *See* 32 C.F.R. 97.1 *et seq.* and 32 C.F.R. 516.41 *et seq.* (setting forth specific requirements to be met before a witness can respond to a demand for Department of the Army documents). Accordingly, the state court order was properly removed to this court pursuant to § 1442(a). *Edwards v. Department of Justice*, 43 F.3d 312 (7th Cir. 1994) (affirming district court decision quashing state subpoena and vacating state court show-cause order in case removed to federal court pursuant to § 1442(a)); *State of Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977) (holding that state court order directing United States Attorney to produce documents or show cause why he should not be held in contempt was properly removable under § 1442(a)). The entire criminal case was not removed; only the action against the Army Staff Judge Advocate encompassed by the state court's order to produce documents. *See State of Wisconsin v. Hamdia,* 765 F.2d 612 (7th Cir. 1985) (approving removal of portion of the state court case relating to contempt proceedings against federal officer).

      Section 1442(a) provides for the removal of any "civil action or criminal prosecution commenced in a State court" against a federal officer for actions performed in the discharge of his duties. "The purpose of the removal statute is to insure a federal forum for cases where federal officials must raise defenses arising out of their official duties." *Schaffer,* 565 F.2d at 964. Accordingly, the "language 'civil action or criminal prosecution' should be broadly construed in the light of the purpose of the subsection." *Id.* at 963. *Schaffer* notes that the removal statute "looks to the substance rather than the form of the state proceeding," and that regardless of the label which was attached to it, the state court order is a "sufficient separate action" against the United States Attorney to be removable under § 1442. *Id.* at 964.

In *Dunne v. Hunt*, 2006 WL 1371445 (N.D. Ill., May 16, 2006), anther judge of this court surveyed the applicable law. The court found that the mere issuance of a subpoena to a federal official is not sufficient to create a removable action, because the because "[i]t is not at all unusual that a litigant may make a discovery request and never follow through on the request," *id.* at * 3, quoting *State of Indiana v. Adams*, 892 F.Supp. 1101 (S.D. Ind. 1995), but held that the action becomes removable when some substantive step is taken to coerce compliance, such as the filing of a motion to compel. In reaching this conclusion, the court observed that there is "no question" that if a court orders the production of documents, a civil action has been commenced which is removable under § 1442. *Dunne* at * 3. That is what happened here. *See also, State of Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992), holding that a state court order to produce documents was sufficient to allow removal of subpoena proceedings. "To require [the federal employee] to run the risk of a contempt citation . . . simply because he complies with his federal duty would be imprudent and defeat the larger purpose of the federal officer protection removal statute." *Id.* at 232; *Nationwide Investors v. Miller*, 793 F.2d 1044, 1047 (9th Cir.1986) (holding removal proper as soon as federal officer was ordered to appear at state garnishment proceeding); *Bosaw v. National Treasury Employees' Union*, 887 F.Supp. 1199 (S.D. Ind. 1995) (approving removal under § 1442 of state court order to produce documents).

Accordingly, this action was properly removed and the court should vacate the state court order directing the Army Staff Judge Advocate to produce documents. *Edwards, supra.* (approving order quashing subpoena and vacating show-cause order because of sovereign immunity). Absent a waiver of sovereign immunity, a state court has no jurisdiction to enforce a subpoena to federal officials or to order federal officials to produce documents, because the federal officials are immune

from state court process unless Congress consents to the jurisdiction of that court. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") There is no applicable sovereign immunity waiver here. *Edwards, supra*; *Dunne* at *4 ("because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official"). Judicial review of a decision not to authorize disclosure is available only in federal courts. *Edwards*, 43 F.3d at 315 (holding that the Administrative Procedure Act provides for such review, at least as to executive branch agencies).

While the court has jurisdiction to vacate the improper state court order, the court does not have jurisdiction to decide whether the Department of the Army should be required to produce the subject documents. Under the derivative jurisdiction doctrine, this court acquired on this issue only the state court's jurisdiction on removal, which is *none.* The jurisdiction of the federal court upon removal pursuant to 28 U.S.C. § 1442 is derivative of that of the state court. *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *Edwards*, 43 F.3d at 316; *Dunne v. Hunt, supra* at *4. Thus, even though the matter is now removed to federal court, this court has no jurisdiction to order production of the documents because the state court had no jurisdiction.

As we set forth in our Notice of Removal, the production of information from the Department of the Army in the course of a proceeding in which the United States is not a party is governed by

4

32 C.F.R. 97.1 *et seq.* and 32 C.F.R. 516.41 *et seq.,* which set forth specific requirements to be met before a witness can respond. Cole's attorney has stated that he is in the process of following that procedure. He will in due course receive a decision from the Department of the Army on his request.

For the foregoing reasons, the state court order should be vacated and dismissed.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/ Jonathan C. Haile
        JONATHAN C. HAILE
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-2055
        jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**United States' Memorandum on Jurisdiction**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on July 11, 2008, to the following non-ECF filers:

Nancy A. Donahoe
Assistant State's Attorney
2650 S. California
Room 12C28
Chicago, IL 60608


By:  s/ Jonathan C. Haile
JONATHAN C. HAILE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2055
jonathan.haile@usdoj.gov